UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11119-RGS

JOACHIM MARTILLO

v.

TWITTER INC., *et al.*

ORDER

October 15, 2021

STEARNS, D.J.

*Pro se* litigant Joachim Martillo brings this action in which he alleges that he has wrongfully been prohibited from making statements on certain social media platforms. Martillo has filed a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the court will grant the motion and dismiss this action.

I.   Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Martillo's motion for leave to proceed *in forma pauperis*, the court concludes that he has adequately shown that he is unable to prepay the filing fee. Accordingly, the motion is GRANTED.

II.  Review of the Complaint

Because Martillo is proceeding *in forma pauperis*, his pleading is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In conducting this review, the court liberally construes Martillo's pleading because he is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Martillo brings this action against six private companies that operate social media platforms.  Martillo, who self-identifies as a Diaspora Jew, claims that these companies discriminate against "Palestinians, Arabs, Muslims, and Diaspora Jews that reject Zionism."  Compl. ¶ 36.  Martillo represents that each defendant disabled or suspended his account on their respective platforms because he posted content that each defendant deemed to be anti-Zionist.  These alleged events occurred in 2019 and 2020.

Martillo asserts a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a.  This statute provides, in relevant part, that "[a]ll persons [are] . . . entitled to the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). The following establishments are considered "a place of public accommodation" if it serves the public: inns, hotels, motels, any "other establishment which provides lodging to transient guests," restaurants, cafeterias lunchroom, lunch counters, soda fountains, any "other facility" selling food for consumptions on the "the premises, theaters, concert halls, sports arenas, stadiums, any "other place of exhibition or entertainment." 42 U.S.C. § 2000a(b)(1)-(3).[1] In addition, any establishment that is "physically located within the premises" of the above-enumerated establishments is covered by the statute. 42 U.S.C. § 2000a(b)(4).

Martillo has failed to state a claim under 42 U.S.C. § 2000a because the defendants' social media platforms are not places of "public accommodation." The statutory definition of a "public accommodation" cannot be interpreted to include a virtual meeting place. The definition enumerates only actual physical establishments and structures (*e.g.*, hotels, restaurants, movie theaters, stadiums) and establishments "physically

---

[1] In addition, the operations of the establishment must "affect commerce" or the discrimination must be "supported by State action." 42 U.S.C. § 2000a(b).

located" within the aforesaid. Read in tandem with the enumerated "places of public accommodation," the statute's reference to any "other place of exhibition or entertainment," does not include a virtual meeting place. *See, e.g.*, *Lewis v. Google LLC*, 851 App'x 723, 724 (9th Cir. 2021) (holding that YouTube websites are not a "place of public accommodation" within the meaning of 42 U.S.C. § 2000a); *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 541-42 (E.D. Va.) (holding that internet chat room was not a "public accommodation" within the meaning of 42 U.S.C. § 2000a(b) because places of "'public accommodation' are limited to actual physical places and structures, and thus cannot include chat rooms, which are not actual physical facilities but instead are virtual forms for communication") *see also Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 23 (1st Cir. 2016) (reiterating "the uncontroversial premise that, where feasible, 'a statute should be construed in a way that conforms to the plain meaning of its text'") (quoting *In re Jarvis*, 53 F.3d 416, 419 (1st Cir. 1995))).[2]

---

[2] Martillo's reliance on cases concerning the definition of a "public accommodation" in the context of the Americans with Disabilities Act is misplaced. *See Lewis v. Google* LLC, 461 F. Supp. 3d 938, 957 (N.D. Cal. 2020) (stating that "the ADA has a more expansive definition of 'place of public accommodation' than the Civil Rights Act") (internal quotation marks and citation omitted).

4

Martillo also claims that the defendants violated a Massachusetts common carrier law which provides that "[e]very common carrier of merchandise or other property" "shall not discriminate against any particular person or subject him to any undue or unreasonable prejudice or disadvantage." M.G.L. ch. 159, § 1. The defendants are not common carriers of "merchandise or other property" for purposes of this 1869 law. *See Am. Tel. & Tel. Co. v. IMR Cap. Corp.*, 888 F. Supp. 221 (D. Mass. 1995) (noting year of enactment of M.G.L. ch. 159, § 1).

Further, even if Martillo had stated a claim under 42 U.S.C. § 2000a or the state common carrier law, the defendants would be immune from such claims under the Communications Decency Act ("CDA"), 47 U.S.C. § 230. The CDA provides in relevant part: "No provider or user of an interactive computer service shall be held liable on account of . . . any action taken to enable or make available to information content providers or others the technical means to restrict access to material" "that the provider or user considers to be lewd, lascivious, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." 47 U.S.C. § 230(c)(2). This provision "'precludes courts from entertaining claims that would place a computer service provider in a publisher's role,' and therefore bars 'lawsuits seeking to hold a service provider liable for its

exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content.'" *Green v. America Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003) (quoting *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir.1997)).  The defendants' alleged blocking of content posted by Martillo and disabling of his account are editorial decisions protected by the CDA.  *See, e.g.*, *Sikhs for Justice, Inc. v. Facebook*, 697 Fed. App'x 526, 526 (9th Cir. 2017) (holding that, under the CDA, Facebook was immune from claim that it had wrongly blocked the plaintiff's online content); *Langdon v. Google, Inc.*, 474 F. Supp. 2d, 622, 631 (D. Del. 2007) (holding that the CDA "provides Google, Yahoo, and Microsoft immunity for their editorial decisions regarding screening and deletion [of the plaintiff's advertisements] from their network") (footnote omitted).

## ORDER

In accordance with the foregoing, the motion for leave to proceed *in forma pauperis* is GRANTED and this action is DISMISSED for failure to state a claim upon which relief may be granted.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE